# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BOBBY J. ARMOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1553 CAS |
| ) | |
| ST. LOUIS COUNTY WORK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants St. Louis County Work and Gary Earl's motion to quash summons and complaint. Plaintiff has not filed an opposition, and the time to do so has passed. For the following reasons, the Court will grant defendants' motion and quash the service of process on defendants St. Louis County Work and Gary Earl.

**Background**.

Defendants' motion states that on September 4, 2007, plaintiff notified the Court of his intent to use a special process server in this case for service of summons and complaint. On September 18, 2007, two copies of the summons and complaint were left at different St. Louis County offices. One summons, directed to defendant St. Louis County Work, was hand-delivered to an employee of the St. Louis County Department of Highways and Traffic and Department of Public Works, Felicia Showmaker, the office service representative. See Affidavit of Terry Zoellner, Ex. 1 to Mot. to Quash. The second summons, directed to defendant Gary Earl, was left with defendant Earl's secretary at the St. Louis County Executive's Office. See Affidavit of Laura Estes, Ex. 2 to Mot. to Quash.

**Discussion**.

Defendants move to quash service on the basis that summons and complaint were not properly served on either of them, as the same should have been served on the individual defendant or on the proper St. Louis County agent authorized to accept service of process, the Clerk of the St. Louis County Council. Defendants therefore contend that the service of process does not comply with the Federal Rules of Civil Procedure or the Missouri Supreme Court Rules, which are made applicable to this case through Rule 4(e)(1), Fed. R. Civ. P. Defendants do not state the procedural basis for their motion.

A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint, e.g., the absence of an agency relationship between the recipient of process and the defendant. 5A C. Wright and A. Miller, Federal Practice and Procedure § 1353 (2d ed. 1990). Accordingly, the Court will consider the instant motion under Rule 12(b)(5) with respect to each defendant separately.

1. Defendant Earl.

Rule 4(e)(2) of the Federal Rules of Civil Procedure provides that an individual may be served:

> [B]y delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Rule 4(e)(1), Fed. R. Civ. P., provides that an individual may be served in accordance with the law of the state in which the district court is located, under the rules for service of a summons on

the defendant in an action brought in state court. Missouri Supreme Court Rule 54.13(b)(1) is substantially identical to Federal Rule of Civil Procedure 4(e)(2), and provides for service on an individual as follows:

> (1) On Individual. Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Mo. S. Ct. Rule 54.13(b)(1).

Defendants assert that the summons for Earl was not personally served on him and was not delivered to the Clerk of the St. Louis County Council, who is the authorized agent for receipt of service of process under Missouri Supreme Court Rule 54.13(b)(4), as discussed below. The Court notes that summons was not left for Earl at his place of abode with a family member over the age of fifteen years. Thus, defendants contend that service on Earl does not satisfy Rule 4(e) of the Federal Rules of Civil Procedure and the summons and complaint should be quashed.

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (citing Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993)). The record in this case shows that defendant Earl has not been properly served with process for the reasons stated by defendants, and has not voluntarily entered an appearance. As a result, the Court lacks jurisdiction over the person of defendant Earl and the motion to quash summons and complaint should be granted.

2. <u>Defendant St. Louis County Work</u>.

Federal Rule of Civil Procedure 4(j) provides with respect to service on governmental organizations:

> Service upon a state, municipal corporation or other government organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j).

Missouri Supreme Court Rule 54.13(b)(4) provides that service of process on a public or quasi-public corporation or body shall be made as follows:

> Upon a public, municipal, governmental or quasi-public corporation or body, by delivering a copy of the summons and petition to the clerk of the county commission in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental or quasi-public corporation or body or to any person otherwise lawfully so designated. If no person above specified is available for service, the court out of which the process issued may designate an appropriate person to whom copies of the summons and petition may be delivered in order to effect service.

Mo. S. Ct. Rule 54.13(b)(4).

Defendants assert that the summons for St. Louis County Work was not delivered to the Clerk of the St. Louis County Council, who is the authorized agent for receipt of service of process under Missouri Supreme Court Rule 54.13(b)(4), and the Court notes that it was not delivered to chief executive officer of this defendant. Thus, defendants contend that service on St. Louis County Work does not satisfy Rule 4(e) of the Federal Rules of Civil Procedure and the summons and complaint should be quashed.

As stated above, if a defendant is not properly served, a federal court lacks jurisdiction over that defendant. <u>Adams</u>, 74 F.3d at 885. The record in this case shows that defendant St. Louis

4

County Work has not been properly served with process for the reasons stated by the defendants, and has not voluntarily entered an appearance. As a result, the Court lacks jurisdiction over defendant St. Louis County Work and the motion to quash summons and complaint should be granted.

**Conclusion**.

For the foregoing reasons, defendants Earl and St. Louis County Work's motion to quash summons and complaint should be granted. Plaintiff may seek the issuance of alias summons with respect to these defendants. Plaintiff is advised that pursuant to Rule 4(m), Fed. R. Civ. P., he must obtain service of summons and complaint on all defendants in this action within 120 days after the filing of the complaint, or the Court will dismiss the action without prejudice with respect to any unserved defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendants St. Louis County Work and Gary Earl's motion to quash summons and complaint is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that pursuant to Rule 4(m), Fed. R. Civ. P., plaintiff must obtain service of summons and complaint on all defendants in this action within 120 days after the filing of the complaint, or the Court will dismiss the action without prejudice with respect to any unserved defendants.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __7th__ day of November, 2007.