UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY J. ARMOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1553 CAS |
| ) | |
| ST. LOUIS COUNTY WORK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendants Garry Earl and John Thro to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to either motion and the time to do so has passed. For the following reasons, the motions will be granted.

Plaintiff brings this official-capacity suit under 42 U.S.C. § 1983. Plaintiff alleges that defendant Thro arrested plaintiff at his home on January 6, 2006. Plaintiff alleges that Thro did not have a warrant and did not read plaintiff a Miranda warning. Plaintiff claims that Thro threatened to mace plaintiff if plaintiff refused to go to the police station. Plaintiff alleges that the arrest eventually led to a criminal conviction in state court, and seeks $10 million in damages.

Defendants Earl and Thro have moved to dismiss this case on the grounds that plaintiff has not alleged that a policy or custom of St. Louis County led to the alleged deprivation of his constitutional rights and because the allegations do not state a prima facie case under § 1983. Earl also moves to dismiss because the complaint does not allege that he was personally involved in the alleged deprivation of plaintiff's rights.

**Discussion**.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against either Earl or Thro.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Earl was directly involved in or personally responsible for the alleged violations of his constitutional rights. Consequently, the complaint fails to state a claim against Earl.

Finally, plaintiff's claims that Thro threatened to spray him with mace and did not read him a Miranda warning are not cognizable under § 1983. Martin v. Sargent, 780 F.2d 1334, 1338 (8th

Cir. 1985) (verbal threats); Hannon v. Sanner, 441 F.3d 635, 638 (8th Cir. 2006) (Miranda warnings). As a result, the Court will dismiss plaintiff's claims against defendants Earl and Thro for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Garry Earl and John Thro to dismiss this case under Fed. R. Civ. P. 12(b)(6) are **GRANTED**. [Docs. 26, 28]

**IT IS FURTHER ORDERED** that, as to defendants Garry Earl and John Thro, this action is **DISMISSED**. Fed. R. Civ. P. 12(b)(6).

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of January, 2008.