UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY J. ARMOUR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07-CV-1553 CAS |
| ST. LOUIS COUNTY WORK, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of remaining defendants Aaron Tassey and J. Steimutz to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to either motion and the time to do so has passed. For the following reasons, the motions will be granted.

Plaintiff brings this official-capacity suit under 42 U.S.C. § 1983. Plaintiff alleges that Steimutz arrested plaintiff at his home and took him to be booked even though plaintiff was not wearing shoes or an overcoat. Plaintiff alleges that the arrest eventually led to a criminal conviction in state court. Plaintiff seeks $10 million in damages.

Defendants Tassey and Steimutz move to dismiss this case because plaintiff has not alleged that a policy or custom of St. Louis County led to the alleged deprivation of his constitutional rights. Steimutz also moves to dismiss because the allegations do not state a prima facie case under § 1983. Tassey also moves to dismiss because the complaint does not allege that he was personally involved in the alleged deprivation of plaintiff's rights.

**Discussion**

The complaint does not state whether the defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity as a defendant in a lawsuit is the equivalent of naming the government entity that employs the official as a defendant. To state a legal claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against Tassey or Steimutz.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Tassey was directly involved in or personally responsible for the alleged violations of his constitutional rights. Consequently, the complaint fails to state a claim against Tassey.

Finally, plaintiff has failed to show why or how the incident with Steimutz violated his constitutional rights. As a result, the Court will dismiss this action for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Aaron Tassey and J. Steimutz to dismiss this case under Fed. R. Civ. P. 12(b)(6) are **GRANTED**. [Docs. 40, 43]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

An order of dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of March, 2008.